**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Premier Information Management, Inc., | No. 06-02210-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Alex Pidgeon, | |
| Defendant. | |

Plaintiff Premier Information Management, Inc. ("Premier") has filed a motion for a preliminary injunction against Defendant Alex Pidgeon. Defendant has filed a motion to dismiss Plaintiff's complaint. The Court has reviewed the memoranda filed by the parties. Dkt. #21, 28, 35, 36. The Court will grant Defendant's motion to dismiss.

**I. Background.**

On September 15, 2006, Plaintiff filed a complaint for an injunction and temporary restraining order, alleging that Defendant violated federal securities laws in connection with his fraudulent acquisition, distribution, and sale of Premier stock. Dkt. #1, ¶¶ 9, 12.[1] Specifically, Plaintiff alleges that Defendant fraudulently obtained shares of Premier that had belonged to Daronne Bonneau, Defendant's deceased father. Dkt. #21 at 7; Dkt. #35 at 6. Defendant allegedly portrayed himself untruthfully as Bonneau's sole heir and, after

---

[1] Plaintiff initially listed John Aquilino as a defendant, but has since dismissed him. Dkt. #35 at 8 n.26.

1  obtaining stock certificates from First American Stock Transfer, Inc. ("Transfer Agency"),
2  transferred Bonneau's stock to seventeen other entities. Dkt. #21 at 8. The Transfer Agency
3  informed Plaintiff about this transfer, and the company placed an administrative hold on all
4  seventeen certificates. *Id.*

5  The Court issued a temporary restraining order on September 19, 2006. The TRO
6  prevented Defendant from obtaining securities through fraud or misrepresentation and from
7  selling, transferring, or otherwise disposing of Premier stock or related stock certificates.
8  Dkt. #16 at 2.

### II. Rule 12(b)(6) Motion to Dismiss Standard.

A district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994). When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). The court may not assume, however, that the plaintiff can prove facts different from those alleged in the complaint. *See Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

### III. Discussion.

In its motion for a preliminary injunction, Plaintiff alleged that Defendant violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 of the Securities

1 Exchange Commission. *See* 15 U.S.C. §§ 78j(b); 17 C.F.R. § 240.10b-5.[2] Defendant argues that Plaintiff fails to state a claim under Section 10(b) and Rule 10b-5 because Defendant's alleged actions did not occur "in connection with the purchase or sale of any security." Dkt. #28 at 3; 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5.

The Court agrees. Plaintiff alleges that Defendant fraudulently obtained stock certificates belonging to Bonneau and transferred them to other entities. Even if such allegations state a claim for conversion or other torts under state law, "[a] fraudulent change in ownership (e.g. embezzlement or conversion) does not alone constitute sufficient basis for finding a sale of securities." *Manufacturers Hanover Trust Co., v. Smith Barney, Harris Upham & Co., Inc.*, 770 F.Supp. 176, 180 (S.D.N.Y., 1991); *see also Pross v. Katz*, 784 F.2d 455 (2d Cir. 1986); *Bold v. Simpson*, 802 F.2d 314 (8th Cir. 1986); *United States v. Coriaty*, 2001 WL 1910843 (S.D.N.Y., 2001); *Bochicchio v. Smith Barney, Harris Upham & Co., Inc.*, 647 F. Supp. 1426 (S.D.N.Y., 1986). To meet the "in connection with" requirement, "the alleged fraud [must] concern the fundamental nature of the securities: namely, characteristics and attributes that would induce [an] investor to buy or sell the particular securities." *Manufacturers Hanover Trust*, 770 F.Supp. at 181 (internal quotations omitted). This requirement furthers the purpose of Section 10(b) and Rule 10b-5, which is "to make sure that buyers of securities get what they think they are getting and that sellers of securities are not tricked into parting with something for a price known to the buyer to be inadequate." *Id.* (citing *Chemical Bank v. Arthur Andersen & Co.*, 726 F.2d 930, 943 (2d Cir. 1984)).

Here, there are no allegations that Defendant fraudulently caused Plaintiff to sell or issue new securities or that he fraudulently induced anyone to buy the stock certificates. At most, Defendant used fraud to convert Premier stock that belonged to Bonneau's estate. Because Defendant's actions did not concern the fundamental nature of Premier securities, and did not occur "in connection with" the purchase or sale of securities as that phrase has

---

[2] Plaintiff also alleged a violation of Section 13(d) of the Exchange Act, but has since withdrawn this claim. Dkt. #35 at 7.

been interpreted in case law, Plaintiff's allegations fail to state a claim under Section 10(b) and Rule 10b-5.[3]

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Dkt. #28) is **granted**.

2. The TRO is dissolved, the November 21, 2006 preliminary injunction hearing is vacated, and the Clerk is directed to terminate this action.

DATED this 25th day of October, 2006.

*David G. Campbell* (signature)

David G. Campbell
United States District Judge

---

[3] Plaintiff relies on *Ruckle v. Roto Am. Corp.*, which held that a cause of action arises under Section 10(b) and Rule 10b-5 when a corporation has been defrauded into issuing or selling securities through the material omissions of its directors. 339 F.2d 24, 26 (2d Cir. 1964). The court held that the fraudulently-induced issuance of stock constituted a "sale" within the meaning of Section 10(b) and Rule 10b-5. *Id*. at 26-27. *Ruckle* differs from this case, however, because Plaintiff does not allege that it was fraudulently induced to issue new stock. Plaintiff instead alleges that Defendant wrongfully took possession of stock previously issued to Bonneau.