**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Premier Information Management, Inc., | No. 06-02210-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Alex Pidgeon, | |
| Defendant. | |

Defendant has filed a motion for attorneys' fees. Dkt. #40. The Court has reviewed the memoranda filed by the parties. Dkt. ##47-49. For reasons discussed below, the Court will deny the motion.

**I.     Background.**

On September 15, 2006, Plaintiff filed a complaint for an injunction and temporary restraining order, alleging that Defendant violated federal securities laws in connection with his fraudulent acquisition, distribution, and sale of Premier stock. Dkt. #1, ¶¶ 9, 12. The complaint alleged violations of Sections 10(b) of the Securities Exchange Act of 1934, Rule 10b-5 promulgated thereunder, and Section 13(d) of the Securities Exchange Act. Specifically, Plaintiff alleged that Defendant fraudulently obtained shares of Premier that had belonged to Daronne Bonneau, Defendant's deceased father. Dkt. #21 at 7; Dkt. #35 at 6. Defendant allegedly portrayed himself untruthfully as Bonneau's sole heir and, after obtaining stock certificates from First American Stock Transfer, Inc. ("Transfer Agency"), transferred Bonneau's stock to seventeen other entities. Dkt. #21 at 8. The Transfer Agency

informed Plaintiff about this transfer and placed an administrative hold on all seventeen certificates. *Id*.

On the basis of material submitted by Plaintiff *ex parte*, the Court issued a temporary restraining order on September 19, 2006. The TRO prevented Defendant from obtaining securities through fraud or misrepresentation and from selling, transferring, or otherwise disposing of Premier stock or related stock certificates. Dkt. #16 at 2.

Defendant filed a motion to dismiss (Dkt. #28), and Plaintiff withdrew his Section 13(d) claim. *See* Dkt. #35 at 7. Before a hearing on the preliminary injunction, the Court granted Defendant's motion to dismiss, explaining:

> Here, there are no allegations that Defendant fraudulently caused Plaintiff to sell or issue new securities or that he fraudulently induced anyone to buy the stock certificates. At most, Defendant used fraud to convert Premier stock that belonged to Bonneau's estate. Because Defendant's actions did not concern the fundamental nature of Premier securities, and did not occur "in connection with" the purchase or sale of securities as that phrase has been interpreted in case law, Plaintiff's allegations fail to state a claim under Section 10(b) and Rule 10b-5.

Dkt. #38 at 3-4.

## II.   Legal Standard.

Upon final adjudication of a private securities fraud action, a court "shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u-4(c)(1). If the court makes a finding that a party or attorney violated any requirement of Rule 11(b), the Court shall impose sanctions. 15 U.S.C. § 78u-4(c)(2). Before the court makes a finding that any party or attorney has violated Rule 11(b), the court must give the party or attorney notice and an opportunity to respond. *Id*.

The law presumes that the appropriate sanction for failure to comply with Rule 11(b) is an award of reasonable attorneys' fees. 15 U.S.C. § 78u-4(c)(3)(A)(i), (ii). The presumption may be rebutted if the award of attorneys' fees will impose an unreasonable burden on the sanctioned party that is greater than the burden on the party in whose favor

- 2 -

sanctions are to be imposed. 15 U.S.C. § 78u-4(c)(3)(B)(i). The presumption may also be rebutted if the violation of Rule 11(b) was de minimis. 15 U.S.C. § 78u-4(c)(3)(B)(ii).

Under Rule 11(b), the attorney presenting a document to the Court certifies that to the best of the attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

> (1) [the document] is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b). In determining whether a Rule 11 violation has occurred, a court applies an objective standard of reasonableness. *In re Keegan Management Co. Sec. Litig.* 78 F.3d 431, 434 (9th Cir. 1996).

**III.   Analysis.**

    **A.   Rule 11(b)(1).**

The Court finds that Plaintiff's claims were not presented for an improper purpose. Fed. R. Civ. P. 11(b)(1). Plaintiff sought a TRO and preliminary injunction because it believed its shares had been obtained unlawfully by Defendant using the signatures of Mary Jackson and Daronne Bonneau, both of whom were deceased. Dkt. #21 at 3. Plaintiff alleged that Bank of America improperly had provided Medallion Guarantee stamps on the signatures of the deceased individuals, after the Transfer Agency provided stock certificates to Defendant and an associate. *Id.* Although Plaintiff knew that Defendant was Bonneau's son, it believed Bonneau had other children who were entitled to some of the shares and that Defendant was attempting to acquire their shares fraudulently. *Id.* at 5. Plaintiff did not

1  bring suit for an improper purpose, such as to harass or cause unnecessary delay or increase
2  the cost of the litigation. Plaintiff sought simply to address what it perceived as the
3  fraudulent acquisition of its stock. Plaintiff did not violate Rule 11(b)(1).

### B. Rule 11(b)(2).

Defendant argues that the dismissal of the complaint pursuant to Rule 12(b)(6) shows that it was not "warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" Fed. R. Civ. P. 11(b)(2). Defendant contends that even if Plaintiff believed its argument to be non-frivolous at the time it filed the complaint, Plaintiff had additional time in which it should have determined the claims were frivolous. Dkt. #47 at 5. Defendant argues that Plaintiff should have known the suit was frivolous because Defendant's counsel told Plaintiff there was no basis for suit and because, after speaking with Defendant's counsel, Plaintiff voluntarily dismissed its complaint against then-defendant John Aquilino and later voluntarily withdrew its Section 13(d) claim.

Plaintiff argues that it "initiated this action for the purpose of correcting what [it] reasonably perceived to be a legally redressable harm under federal law." Dkt. #48 at 3. Plaintiff relied on a case that held that the fraudulently-induced issuance of stock constitutes a "sale" within the meaning of Rule 10b-5, and then asked the Court to allow it, an issuer, to sue Defendant for wrongfully taking possession of stock issued to a different person. Dkt. #35 at 4-5 (*citing Runckle v. Roto American Corp.*, 339 F.2d 24, 27 (2d Cir. 1964)). Although the Court ultimately rejected this argument and refused to extend Rule 10b-5 to allow Plaintiff's suit, the Court does not find that the claims Plaintiff made were frivolous.

Plaintiff's actions in withdrawing a claim and dismissing a defendant further demonstrate that Plaintiff was unwilling to proceed with claims it believed to be frivolous. Plaintiff's loss of the Rule 12(b)(6) motion does not, without more, demonstrate that its claims were frivolous.

### C.     Rule 11(b)(3).

Defendant states that Plaintiff's allegation in ¶ 24 of its complaint that it was "informed that the Securities & Exchange Commission Enforcement [D]ivision is actively investigating this matter" had no evidentiary support. Dkt. #47 at 4. As evidence, Defendant refers to Plaintiff's response to Defendant's interrogatories, in which Plaintiff stated that it was "unaware of the status of any investigation, including whether an agency is conducting, or has conducted an investigation. However, Plaintiff has requested the [SEC] begin an investigation into all matters touching or concerning the matters set forth in this case." *Id*.; Dkt. #48 at 5.

Plaintiff responds that "[b]ecause Plaintiff conducted a reasonable, albeit time limited, inquiry into the facts of the case prior to filing the Complaint against Defendant, the pleading therefore met the Rule 11(b)(3) standard." Dkt. #48 at 4. While the statement in the complaint regarding the SEC investigation was not accurate, Plaintiff corrected the statement in its interrogatory response and did not continue to refer to the SEC investigation as evidence of wrongdoing by Defendant.

### D.     28 U.S.C. § 1927.

Defendant seeks to recover attorneys' fees under 28 U.S.C. § 1927 (Dkt. #40), but does not explain how Plaintiff multiplied the proceedings unreasonably or vexatiously as required by the statute. The case lasted one month, requiring few filings from Defendant, and Plaintiff voluntarily dismissed the Section 13(d) claim. The Court finds that § 1927 does not provide a basis for attorneys' fees.

**IT IS ORDERED** that Defendant's motion for attorneys' fees (Dkt. #40) is **denied**.

DATED this 13th day of March, 2007.

*/s/ Daniel G. Campbell*
David G. Campbell
United States District Judge